# Third District Court of Appeal

## State of Florida

Opinion filed November 16, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1584
Lower Tribunal No. 07-45267
_____

**Philip Morris USA Inc.,**
Appellant,

vs.

**Odaima Garcia, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Arnold & Porter Kaye Scholer LLP, and Geoffrey J. Michael (Washington, DC); Shook, Hardy & Bacon LLP, and Scott A. Chesin (New York, NY), Frank Cruz-Alvarez and Michael G. Polatsek, for appellant.

Parafinczuk Wolf, and Austin Carr (Pembroke Pines); Menendez Trial Lawyers, and Jose M. Menendez; Burlington & Rockenbach, P.A., and Bard D. Rockenbach and Jeffrey V. Mansell (West Palm Beach), for appellee.


Before EMAS, SCALES and HENDON, JJ.

EMAS, J.

Following a trial in this Engle[1]-progeny tobacco case, the jury returned a verdict in favor of Odaima Garcia (personal representative of the Estate of Juan Rodriguez and plaintiff below) and against Philip Morris USA Inc. (defendant below).  Plaintiff had sued Philip Morris for negligence, strict liability, conspiracy and fraud, together with a claim for punitive damages.

At the conclusion of trial, the jury found in favor of plaintiff on the strict liability and negligence counts (the jury found in favor of Philip Morris on the conspiracy and fraud claims) and awarded $10,000 in economic damages and $5.5 million in compensatory damages.[2] The jury apportioned 40% fault to Mr. Rodriguez and 60% to Philip Morris.[3] The jury also found entitlement to punitive damages against Philip Morris.

Following this phase one verdict, the jury then heard testimony on the issue of the amount of punitive damages to be awarded, after which the trial court delivered additional jury instructions. However, the jury could not reach a unanimous verdict on the amount of punitive damages to be awarded against Philip Morris, resulting in a mistrial on that issue.

---

[1] Engle v. Liggett Group, Inc., 945 So. 2d 1246 (Fla. 2006).
[2] In closing argument, plaintiff's counsel suggested the jury award $10 million in compensatory damages.
[3] In closing argument, plaintiff's counsel suggested the jury apportion 25% fault to Mr. Rodriguez and 75% fault to Philip Morris.

Thereafter, post-verdict motions were filed, including Philip Morris' motion for new trial, based on allegedly improper and inflammatory comments made by plaintiff's counsel during closing arguments and by plaintiff during her testimony which, Philip Morris contended, resulted in the denial of a fair trial. The trial court denied the motion for a new trial on liability and compensatory damages.[4]

Following our review of the record in this three-week trial, we affirm the denial of Philip Morris' motion for new trial on liability and compensatory damages, finding no abuse of discretion in the trial court's denial of the motion for new trial, which was based on its determination that the conduct complained of, if improper, was not "so highly prejudicial and inflammatory that it denied the opposing party its right to a fair trial." Philip Morris USA, Inc. v. Ledoux, 230 So. 3d 530, 538 (Fla. 3d DCA 2017) (citation omitted); Philip Morris USA, Inc. v. Cuculino, 165 So. 3d 36, 39 (Fla. 3d DCA 2015) (considering certain aspects of the jury's verdict in assessing whether the trial court abused its discretion in denying a motion for new trial based on

---

[4] In addition to seeking a new trial on liability and compensatory damages, Philip Morris sought a retrial on both entitlement to, and amount of, punitive damages, asserting the issues were inextricably intertwined and should be determined by a single jury. The trial court granted this relief, which the plaintiff cross-appealed in this case. However, the cross-appeal was later voluntarily dismissed, mooting the question of whether the trial court properly granted a new trial on both entitlement to, and amount of, punitive damages.

improper closing arguments which defendant contended were so highly prejudicial as to deny defendant a fair trial; affirming the trial court's denial of the motion for new trial and observing, inter alia, that the jury did not find completely in favor of plaintiff, but found in favor of defendant on the intentional tort claims, and further found plaintiff was 60% at fault, substantially reducing the $12.5 million verdict to an award of only $5 million); R.J. Reynolds Tobacco Co. v. Schleider, 273 So. 3d 63, 71 (Fla. 3d DCA 2018) (affirming the trial court's denial of the motion for new trial and noting that the jury "found in favor of R.J. Reynolds on the question of punitive damages and concealment; awarded less than the compensatory amount requested for the daughter; and attributed a higher percentage of comparative negligence to Mr. Schleider than what Plaintiffs' counsel argued for in closing. These actions by the jury strongly indicate the jury was not inflamed, prejudiced, or improperly mislead by closing arguments.")

Affirmed.